IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. WHITMORE,<br><br>　　　　　Plaintiff,<br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant.　　　　　　　　　／ | No. C 06-05062 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412** |

　　Now before the Court is plaintiff's motion for the award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The underlying action was heard by this Court and concerned plaintiff's challenge to an Administrative Law Judge's final decision denying disability benefits for a 2004 social security claim. This Court granted Plaintiff's motion for summary judgment remanding the case back to the Appeals Council for a new determination under sentence four of 42 U.S.C. § 405(g).

　　In the present motion, plaintiff requests fees and costs in the amount of $4,272.84. Defendant concedes that plaintiff is entitled to an award of fees and does not contest the requested amount. The parties contest, however, whether the award should be granted to plaintiff, or to plaintiff's counsel directly.

　　Having considered the request and found it reasonable, the Court hereby GRANTS fees in the amount of $4,272.84 and DENIES plaintiff's request to have the funds paid directly to plaintiff's attorney, Mr. Ian Sammis.

**I.      Reasonableness of the requested award**

   **A. Hourly rate**

The EAJA provides for the award of "reasonable attorney fees" based upon "prevailing market rates." 28 U.S.C. § 2412(d)(2)(A). The statute caps the hourly rate for attorney services at $125.00 unless the court determines that a higher fee is justified by either a "special factor," such as the limited availability of qualified attorneys, or an increase in the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). Fees exceeding the statutory cap are awarded under the special factor standard at the discretion of the court when specialized knowledge, skills, or experience is necessary to the litigation and comparable services cannot be obtained at the statutory rate. *Pierce v. Underwood*, 487 U.S. 552, 572 (1998); *Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989).

Plaintiff requests an award of attorney fees at an hourly rate of $160.37. In addition, plaintiff requests fees for law clerk Andrew Ragnes at a rate of $100 per hour for legal research, and $50 per hour for clerical tasks. Defendant contests neither the hourly rates nor the cost of living increase calculation. Plaintiff's calculations are consistent with cost of living increases granted by this Court in the past. Accordingly, the Court grants the cost of living increase and awards attorney fees at an hourly rate of $160.37 for Mr. Sammis, $100 for Mr. Ragnes for legal research, and $50 for Mr. Ragnes for clerical work.

   **B. Hours billed and costs**

Plaintiff requests compensation for 6.1 hours of attorney time, 31.5 hours of law clerk time, and 2.5 hours of clerical time. In addition, plaintiff requests $29.58 in costs. Defendant has raised no objections as to the amount of time or costs spent by counsel. In order for the Court to grant attorney's fees, hours billed must be reasonable and documented. *Hensley,* 461 U.S. at 434, 437; *see* 28 U.S.C. § 2412 (d)(2)(A). When evaluating the reasonableness of hours billed, the court should take into consideration factors including the amount involved in the claim, whether the fees are excessive, redundant, or unnecessary, and the relationship between the fee awarded and the results obtained. *Hensley*, 461 U.S. at 437-39.

In this case, plaintiff ultimately prevailed on the 2004 claim and the total amount of attorney fees

at stake is small. The Court finds that the time spent on this case was not excessive, and that the amount requested is not unreasonable. Therefore, the Court GRANTS plaintiff's motion for attorney fees in the amount of $4,272.84.

## II.     Proper recipient of the award

Plaintiff argues that the award in this case should be paid to his counsel, Mr. Sammis, rather than to plaintiff. Defendant counters that it is permissible neither under the statute nor the agency's policy to deliver awards directly to counsel. This is not an issue that the courts have addressed often with respect to 28 U.S.C. § 2412. Ordinarily, attorneys fees granted pursuant to fee shifting statutes are awarded to the "prevailing party." *See, e.g., Venegas v. Mitchell,* 495 U.S. 82 (1990); *Gilbrook v. City of Westminster*, 177 F.3d. 839, 875 (9th Cir. 1999); *FDL Tech., Inc. v. United States*, 967 F.2d 1578,1580 (Fed. Cir. 1992). Although there are exceptions to this general rule,[1] 28 U.S.C. § 2412 has no language indicating it was intended to be an exception.

Defendant cites *Gilbrook*, 177 F.3d at 874-75, and *Pony v. County of Los Angeles*, 433 F.3d 1138, 1145 (9th Cir. 2006), for the proposition that attorney's fees under 42 U.S.C. § 1988 must be awarded to the actual plaintiff, but may be assigned once the award has been made. "In the absence of a contractual assignment to counsel, § 1988 requires that attorney fee awards be made directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client." *Gilbrook*, 177 F.3d at 875. Plaintiff seeks to distinguish the cases relied on by defendant because they interpret other fee shifting statutes, such as 42 U.S.C. § 1988. However, federal fee shifting statues should be interpreted consistently, and therefore *Gilbrook* and *Pony* are highly persuasive, if not binding. *See Hensley*, 461 U.S. at 433 n.7. In addition, while discussing attorney's fees, the Supreme Court has referred to the EAJA as "the counterpart to § 1988 for violation of federal rights by federal employees." *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83,89 (1991).

---

[1] 42 U.S.C. § 406(b), for example, explicitly allows claimant's attorney to collect his or her fee out of the claimant's past due disability benefits. *See Russell v. Sullivan*, 930 F.2d 1443 (9th Cir. 1991). That statute provides that in certain circumstances the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable." 42 U.S.C.A. § 406(b)(1)(A).

3

Plaintiff relies heavily on *Marre v. United States*, 117 F.3d 297, 304 (5th Cir. 1997), a Fifth Circuit opinion holding that an award of attorney's fees under 28 U.S.C. § 7430 belonged to the attorney, not to the prevailing party. In addition to involving a different statute than the one at issue here, however, *Marre* involved a complicated set of factors which are not present in this case. In *Marre*, although the government owed the plaintiff over $300,000 in damages, the plaintiff allegedly owed the government in excess of $200,000 in taxes. *Id.* at 303. Furthermore, the issue in that case was not to whom the award should be issued, but whether or not the government had a right to setoff of the attorney's fees as well as the damages. *Id.* at 304-05. Although plaintiff attempts to raise the issues of mutuality of debt and government settoff of plaintiff's award here, these are speculative arguments for which no factual basis has been demonstrated. Plaintiff points out that some district courts in the Fifth Circuit have extended the *Marre* holding to all EAJA attorney's fees, however this is by no means a national trend. *See* Reply, Ex. C. The Court sees no basis for making such a holding in this Case.

For the forgoing reasons, the Court hereby GRANTS plaintiffs motion for attorneys fees in the amount of $4,272.84. This amount is awarded to plaintiff as the prevailing party in this litigation. Plaintiff may assign this award to Mr. Sammis in accordance with 31 U.S.C. § 3727 (the "Assignment of Claims Act"). If the government attempts to offset the attorneys fees awarded, Mr. Sammis may petition the Court to consider the matter.

**IT IS SO ORDERED.**

Dated: September 5 , 2007

SUSAN ILLSTON
United States District Judge