IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL D. WHITMORE, | No. C 06-05062 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE AND GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEYS' FEES** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

On December 14, 2007, the Court heard oral argument on plaintiff's motion to compel defendant to comply with the Court's order regarding attorneys' fees. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES plaintiff's motion. In addition, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for additional attorneys' fees.

**BACKGROUND**

On September 5, 2007, this Court granted plaintiff Daniel Whitmore's motion for award of attorneys' fees in the amount of $4,272.84, pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). *See* Docket No. 26. The Court ruled that fees were appropriate because plaintiff had successfully challenged an administrative law judge's final decision denying disability benefits for a 2004 social security claim. The Court also ruled that these fees were to be awarded to plaintiff as the prevailing party, rather than to Ian Sammis, plaintiff's attorney, but that plaintiff could assign the award to Mr. Sammis. The Court stated that if the government attempted to offset the fee award due to plaintiff's federal tax debt, Mr. Sammis would have permission to petition the Court to consider whether

the offset was proper. Mr. Sammis now brings such a petition, as the Department of the Treasury's Financial Management Service ("the Treasury") has cut a check to plaintiff for these attorneys' fees but has withheld $640.92 to satisfy plaintiff's federal tax debt. In other words, rather than pay plaintiff the full sum of $4,272.84 awarded by the Court, the government has sent plaintiff a check for $3,631.92.

**LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides that:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . (6) any other reason justifying relief from the operation of the judgment.

This rule may also be utilized "as an equitable remedy to prevent manifest injustice," but only under "extraordinary circumstances." *United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir.1996) (internal quotation marks and citations omitted). Whether to grant relief is within the sound discretion of the district court. *Am. Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir.1997).

The EAJA provides that reasonable attorney's fees and expenses may be awarded to the prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the court finds that the position of the United States was "substantially justified." 28 U.S.C. § 2412.

**DISCUSSION**

**1. Plaintiff's motion to compel compliance**

Plaintiff styles this motion to compel compliance with the Court's prior order as a motion under Federal Rule of Civil Procedure 60(b). It is unclear whether Rule 60(b) is the proper vehicle for this motion, given that plaintiff is not seeking relief from a final judgment but rather seeking to enforce that judgment. In any case, the Court will address plaintiff's motion on the merits because the Court, in its discretion, previously gave plaintiff permission to seek review of the government's decision to offset the award of attorneys' fees, if and when the government decided to do so.

2

Plaintiff now asks the Court to do one of three things: (1) order defendant to pay plaintiff an additional sum of $640.92 to account for the amount deducted by the Treasury; (2) order defendant to pay plaintiff's attorney, Mr. Sammis, the outstanding sum of $640.92; or (3) order defendant to pay the entire sum of $4,272.84 to Mr. Sammis. Each of these options rests on a determination of (1) whether it was proper for defendant to pay out the attorneys' fees to plaintiff, rather than to Mr. Sammis, and (2) whether, if this was the proper course of action, defendant could deduct monies owed by plaintiff to the federal government.

Other judges in this district have previously considered questions similar to that raised by Mr. Sammis here. Mr. Sammis himself represented the plaintiff in *McCarty v. Astrue*, 505 F. Supp. 2d 624 (N.D. Cal. 2007), where Judge Patel held – much like this Court did in its September 5, 2007 Order – that the plain language of the EAJA, as well as relevant case law, require attorneys' fees to be awarded to the plaintiff as the "prevailing party," rather than to the plaintiff's attorney, *id.* at 629-31. Judge Patel held that even if the granting of fees to the plaintiff results "in the attorneys receiving less than full compensation, this concern does not outweigh the mandatory language of the statute granting the attorneys' fees directly to the prevailing party." *Id.* at 630. Judge Patel then addressed the propriety of the government's offset of the fee award to satisfy the federal debts of the plaintiff, noting that "[a]ll federal payments, except for a few delineated exceptions, are subject to administrative offset unless 'expressly prohibited by Federal statute,'" and that an EAJA award of attorneys' fees "is not one of these listed exceptions." *Id.* at 632 (quoting 31 C.F.R. § 285.5(e)(2)(v)). Because the attorneys' fee award belongs to the plaintiff, rather than his counsel, and because EAJA awards are not excluded from the administrative offset requirement, Judge Patel held that "EAJA awards are subject to administrative offset" and "defendant was legally justified in identifying the EAJA award as eligible for administrative offset." *Id.*; *see also Suttice v. Barnhart*, No. 05-02021 (N.D. Cal. April 19, 2007) (holding that EAJA attorneys' fees were properly awarded to plaintiff, not plaintiff's attorney, and that a lawful deduction by defendant to satisfy plaintiff's tax debts was proper).

The Court agrees. Having established in the prior order that plaintiff, rather than Mr. Sammis, was the proper recipient of defendant's payment for attorneys' fees, *see* September 5, 2007 Order at Docket No. 26, the government was within its rights to deduct from plaintiff's EAJA award money that

3

plaintiff owed to the federal government. Plaintiff does not address the *McCarty* or *Suttice* decisions, but instead relies heavily on the case of *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, Inc.*, 89 F.3d 574 (9th Cir. 1996), where the Ninth Circuit addressed similar questions pertaining to the rightful recipient of attorneys' fees, in the context of a *qui tam* action. The Ninth Circuit held that only a plaintiff may request attorneys' fees, but that once he or she does so, the attorney's right to the fees vests and the fees "must be directed to the attorney." *Id.* at 578-79. "Were the rule otherwise," the court observed,

> plaintiffs would obtain possession of fee awards, and attorneys would be left to attempt to obtain the money paid for their services as best they could. Left to the normal vicissitudes of life, substantial sums would be diverted from their intended purpose. Actions of the client or of the client's creditors (or heirs) would often intervene. That would not only thwart the Congressional purpose but would also make no sense at all and would lead to unconscionable results.

*Id.* at 579. Due to these concerns about an attorney's ability to collect fees that are issued to the client, the Ninth Circuit held that "[t]he district court erred when it decided that the fees must be paid to [the plaintiff] himself and left it up to [the law firm] to see if it could recover the fees from him. Under no condition was [the plaintiff] entitled to receive direct payment of those fees from [the defendant]." *Id.*

This decision supports plaintiff's argument that fees should be paid directly to the attorney and that the government, acting as the client's creditor, should not be able to deduct the client's debts from fees that belong to the attorney. For a variety of reasons, however, *Virani* is not dispositive of plaintiff's claim.[1] *Virani* was issued by a divided bench, with one judge concurring in the result but stating that the plain language of the *qui tam* statute directs payment of fees to the plaintiff, a reading that is "consistent with the general proposition . . . that federal fee-shifting statutes confer fee awards upon parties, not attorneys." *Id.* at 581 (Thomas, J., concurring) (citing *Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986)). This concurring opinion does not render *Virani* non-authoritative, of course, but it points out that the *Virani* majority was straying from Supreme Court precedent regarding fee-shifting statutes.

---

[1] It should be noted that although *Virani* expressed concern with a client's creditors accessing money meant for the attorney, *Virani* was addressing creditors generally, rather than the federal government. As discussed in *McCarty*, the government's ability to offset payments to satisfy debts is governed by statute, and EAJA awards are not explicitly excluded from offsetting by federal statute. *McCarty*, 505 F. Supp. 2d at 632 (citing 31 C.F.R. §§ 285.5(e)(1) & (2)). For similar reasons, the Court declines to follow *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1365-66 (5th Cir. 1979), in which the Fifth Circuit held that a private creditor may not collect on a plaintiff's debt by offsetting an award of attorneys' fees under the Truth in Lending Act.

This was recognized by a later Ninth Circuit panel which adopted the reasoning of the *Virani* concurrence to hold that under the fee-shifting language of 42 U.S.C. § 1988, fee awards must be paid "directly to the prevailing party, with the ultimate disposition of the award dependent on the contract between the lawyer and the client." *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999). In *Gilbrook*, the plaintiffs had received an award of attorneys' fees but had decided not to relay the fees to their attorneys. The Court was presented with the argument that under *Virani*, the district court should have awarded the fees directly to the plaintiffs' counsel. *See id.* at 872. The court declined to follow *Virani*, instead holding that the plain language of § 1988, much like the plain language of the EAJA, awards fees to the "prevailing party," not the party's attorney. *Id.* The court also relied, as did the *Virani* concurrence, on *Jeff. D.*, 475 U.S. 717, and *Venegas v. Mitchell*, 495 U.S. 82 (1990), in which the Supreme Court made clear that under § 1988 – and therefore under the EAJA as well[2] – the plaintiff, not his or her attorney, is entitled to attorneys' fees, *Gilbrook*, 177 F.3d at 873.

The *Gilbrook* panel distinguished *Virani* on the basis of the differences between *qui tam* actions and civil rights actions. In *qui tam* actions,

> a substantial portion of the damages collected goes to the federal government, not to the *qui tam* plaintiff, as compensation for the acts of fraud committed by the defendant against the federal government. *See Virani*, 89 F.3d at 578 (so noting). Thus, as discussed in *Virani*, it is particularly important in *qui tam* actions that attorney fees actually go to the *qui tam* lawyer and not to the *qui tam* plaintiff. If they did not, the government would be denied compensation to which it otherwise would be entitled. *Id.* That governmental-harm concern simply is not present in individual civil rights actions.

*Id.* at 874. The governmental-harm concern is also not present in Social Security cases because the government is not entitled to a portion of plaintiff's damages or benefits. Thus, although *Gilbrook* involved § 1988 rather than the EAJA, its reasoning applies to the present case, *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983), and the Court will not apply the *Virani* majority's *qui tam* holding to the EAJA context.

Plaintiff next argues that even if the plaintiff, rather than counsel, is entitled to receive attorneys' fees, the regulations governing administrative offset do not permit the government to offset payments for attorneys' fees. The Court disagrees. As an initial matter, the regulations and statutes on which

---

[2] In *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983), the Supreme Court explained that federal fee-shifting statutes awarding fees to a "prevailing party" are to be interpreted consistently.

5

plaintiff relies apply only to non-tax debt owed to the government. The definition section of the offset statute provides that "[s]ections 3711(e) and 3716-3719 of this title do not apply to a claim or debt under, or to an amount payable under . . . the Internal Revenue Code of 1986 (26 U.S.C. 1 et seq.)." 31 U.S.C. § 3701(d)(1). Section 3716, in turn, is the administrative offset statute, which provides that a disbursing official of the Department of the Treasury may offset a payment by an amount equal to the amount of debt owed by the recipient to a federal agency. *See* 31 U.S.C. §§ 3716(a) & (c)(1)(A). That statute itself states that it does not apply to federal tax debts: "[a]ny federal agency that is owed by a person a past due, legally enforceable *nontax* debt . . . shall notify the Secretary of the Treasury of all such *nontax* debts for purposes of administrative offset under this subsection." *Id.* § 3716(c)(6) (emphasis added). The regulations relied on by plaintiff are similarly limited to nontax debt, providing that "[t]his section governs the centralized offset of Federal payments to collect delinquent, *nontax* debts owed to Federal agencies in accordance with 31 U.S.C. 3716 . . . ." 31 C.F.R. § 285.5(a)(1) (emphasis added).

Here, both parties initially argued that the government's offset of plaintiff's attorneys' fee award was conducted pursuant to 31 U.S.C. § 3716 and 31 C.F.R. § 285.5, but further inquiry clarifies that plaintiff's debts to the federal government were actually tax debts. *See* Plaintiff's Motion at 1; *id.* at ex. 1 (notice from the Treasury indicating that the creditor agency was the Internal Revenue service and that the purpose of the administrative offset was for a "Tax Levy"); Defendant's Supplemental Brief at 2-3. Accordingly, the federal government could not have offset plaintiff's fee award under the administrative offset statutes. Instead, the government presumably offset the fee award pursuant to the Internal Revenue Code, which provides that the government may collect taxes from a delinquent taxpayer "by levy upon all property and rights to property . . . belonging to such person." 26 U.S.C. § 6331(a). Furthermore, the tax code specifically provides that the Secretary of the Treasury is authorized to levy upon "any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee." 26 U.S.C. § 6331(h)(2)(A). This levy may attach to a maximum of 15 percent of the federal payment at issue, *id.* § 6331(h)(1), and it is this maximum amount ($640.92 out of $4,272.84) that the government withheld from plaintiff's fee award. The Court agrees with defendant that § 6331 permitted the government to levy the fee award at issue here, and plaintiff does not argue

6

otherwise.[3]

Even assuming, for the sake of argument, the administrative offset regulation on which plaintiff relies might apply to tax debts or at least inform the Court's reading of the levy provision of the Internal Revenue Code, the regulation does not prevent the government from offsetting attorneys' fees payments under the EAJA. Plaintiff relies on a provision of the regulation that states that "[i]f a payment is made to a person solely in that person's capacity as a representative payee for another person having the beneficial interest in a payment, the disbursing official shall offset that payment only to collect debts owed by the person having the beneficial interest in the payment. Payment agencies are responsible for identifying representative payees." 31 C.F.R. § 285.5(e)(5). Plaintiff argues he should be considered a "representative payee," such that administrative offset is proper only with regard to debts owed by Mr. Sammis, but plaintiff does not take note of the definition of "representative payee." The regulations define "representative payee" as "a person named as payee on the payment voucher certified by the payment agency *who is acting on behalf of a person entitled to receive the benefit* of all or part of the payment." 31 C.F.R. § 285.5(b) (emphasis added). Fatal to plaintiff's argument regarding § 285.5(e)(5) is that plaintiff is not acting on behalf of a person entitled to receive the fee payment. As established above, Mr. Sammis is not entitled to receive the benefit of the attorneys' fee payment. *See Venegas*, 495 U.S. at 89 ("we have already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff"); *Gilbrook*, 177 F.3d at 873 ("it is the civil rights plaintiff, not the civil rights lawyer, who is entitled to a fee award under § 1988"). Accordingly, plaintiff is not a "representative payee," Mr. Sammis does not possess a "beneficial interest" in the payment, and 31 C.F.R. § 285.5(e)(5) does not bar defendant from offsetting the fee payment to collect plaintiff's own debts.

Instead, it is more likely that plaintiff and his attorney would fall under the "assignee" provision of the regulation, which states that "[i]f a person . . . assigns the right to receive a Federal payment to a third party (the 'assignee'), the assigned payment will be subject to offset to . . . collect delinquent

---

[3] The Court provided plaintiff with an opportunity to file a supplemental brief regarding whether plaintiff's debts were tax-related and whether the government had the statutory authority to offset plaintiff's tax debts, but plaintiff has declined to do so.

7

debts owed by the assignor unless . . . the debtor [(i.e. the assignor)] has properly assigned the right to such payments and the debt arose after the effective date of the assignment." 31 C.F.R. §§ 285.5(e)(6)(i) & (ii)(C). In other words, if a plaintiff and attorney were to enter into a contract to assign statutory attorneys' fees to the attorney, and the plaintiff requested and received such fees, that fee payment would not be subject to administrative offset to satisfy the debts of the plaintiff if those debts arose after the assignment became effective.[4] Even if plaintiff and Mr. Sammis had contracted to assign plaintiff's right to the EAJA fees to Mr. Sammis, then, defendant could still offset payment to plaintiff based on plaintiff's prior federal debts. It therefore would make little sense for Mr. Sammis to be able to avoid administrative offset for plaintiff's debts in the absence of such a contract.

In sum, the statutes and regulations at issue here preclude the Court from ordering that Mr. Sammis be awarded, through his client, the full amount of attorneys' fees previously ordered. The language of the EAJA grants attorneys' fees to the prevailing party, while the language of the Internal Revenue Code and the administrative offset statute and regulation permit the government to reduce payments made to the plaintiff to satisfy the plaintiff's prior debts to the government. Although the Court is sympathetic to the argument that, as a policy matter, attorneys' fees should not be reduced to satisfy the unrelated debts of a party, the statutes dictate otherwise, and thus the relief Mr. Sammis understandably seeks cannot be obtained through the courts. The Court DENIES plaintiff's motion to compel compliance with its order awarding fees.

**2.      Plaintiff's motion for additional fees under the EAJA**

Plaintiff also seeks additional fees under the EAJA for work performed in bringing the above motion to compel compliance with the Court's fee award order. Because plaintiff was the prevailing party in the underlying litigation, and did not engage in "unreasonably dilatory conduct" by bringing the above motion, the Court agrees with plaintiff that an award of fees is appropriate. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) ("[A]bsent unreasonably dilatory conduct by the prevailing party in

---

[4] There are two other exceptions that would strip the government of the power to offset payment to collect on the assignor's debts, but they are inapplicable to this case and to fee payments in general. *See* 31 C.F.R. §§ 285.5(e)(6)(ii)(A) & (B).

8

'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action."). Plaintiff requests an award of fees at an hourly rate of $161.85 for work on the motion and $167.44 for work on the reply.

Plaintiff requests compensation for 2 hours of attorney time, 7 hours of law clerk time, and 1 hour of clerical time. In order for the Court to grant attorney's fees, hours billed must be reasonable and documented. *Hensley*, 461 U.S. at 434, 437; *see* 28 U.S.C. § 2412 (d)(2)(A). When evaluating the reasonableness of hours billed, the Court takes into consideration factors including the amount involved in the claim, whether the fees are excessive, redundant, or unnecessary, and the relationship between the fee awarded and the results obtained. *Hensley*, 461 U.S. at 437-39. Here, the Court finds the amounts requested by Mr. Sammis are excessive and unnecessary. As discussed above, Mr. Sammis litigated the same issue before Judge Patel in the case of *McCarty*. Although the initial motion in this case may have raised new arguments that had not been addressed by Judge Patel's opinion, plaintiff's motion unfairly presented the issues to the Court because the motion failed to acknowledge two dispositive cases on this issue from the Northern District of California. In addition, plaintiff's reply brief failed to address the arguments raised by defendant's opposition brief, most notably defendant's arguments with respect to Judge Patel's decision in *McCarty*. That said, the Court will award Mr. Sammis two hours of fees for travel time and time spent arguing this motion in Court, at the rate of $161.85 per hour. The Court therefore GRANTS IN PART plaintiff's motion for attorneys' fees in the amount of $323.70.

////

9

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to compel compliance with the Court's attorneys' fees order and GRANTS IN PART plaintiff's motion for attorneys' fees [Docket No. 27]. Such additional fees as are awarded shall be paid to plaintiff, in accordance with the other provisions of this order.

**IT IS SO ORDERED.**

Dated: January 31, 2008

SUSAN ILLSTON
United States District Judge