1
2
3
4
5        IN THE UNITED STATES DISTRICT COURT
6       FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8  DANIEL D. WHITMORE,           No. C 06-05062 SI
9       Plaintiff,         **ORDER GRANTING IN PART**
                         **PLAINTIFF'S PETITION FOR FEES**
10  v.                  **PURSUANT TO 42 U.S.C. § 406(b).**
11  MICHAEL J. ASTRUE,
12       Defendant.
13  _____/

14      Now before the Court is plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).

15 On January 6, 2004, plaintiff Daniel D. Whitmore filed an application for Social Security Disability

16 Insurance benefits.  Attorney Ian Sammis represented plaintiff in his appeal of the Social Security

17 Administration's ("SSA") denial of his application.  On May 10, 2007, this Court granted plaintiff's

18 motion for summary judgment and remanded for further proceedings before the Administrative Law

19 Judge ("ALJ").  [Docket No. 14]  On September 30, 2008, an ALJ issued a favorable decision finding

20 plaintiff disabled and entitled to benefits.  Decl. of Ian M. Sammis ("Sammis Decl."), ex. A (Sept. 30,

21 2008 decision of Judge Susanne Lewald).[1]

22      As a result of the favorable decision, plaintiff received a total of $28,176 in retroactive benefits.

23 *See* Sammis Decl., ex. B (April 27, 2009 letter from Social Security Administration).  Of this amount,

24 the SSA withheld $7,044 toward prospective payment of attorneys' fees.  Under the terms of the

25 contract between plaintiff and his counsel, plaintiff's counsel is to be paid 25% of past-due benefits.

26

27       [1] Mr. Sammis appears to have made an error in filing the exhibits to his declaration. *See* Docket

28 No. 34.  The Court orders the clerk to file and docket exhibits A and B to Mr. Sammis' April 23, 2009 declaration.

*See* Pl. Petition, ex. A (contingency fee agreement).

Plaintiff's counsel seeks a payment of $15,029.25, of which $3,631.92 would be credited back to plaintiff. In support of the motion, plaintiff's counsel has submitted his fee agreement with plaintiff, his time records from work on the appeal before this Court, and statistical data on plaintiffs' success rates in Social Security actions. Defendant has filed a statement agreeing that counsel is entitled to § 406(b) fees but arguing that plaintiff has not properly represented the past-due benefits or the amount of fees that should be credited back to plaintiff.

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id.* at 808. An award of § 406 fees is offset by any award of attorney fees granted under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See Gisbrecht*, 535 U.S. at 796.

Plaintiff's counsel is entitled to an award under § 406(b) because plaintiff prevailed in his petition for past-due benefits and because plaintiff and his lawyer agreed to a contingent-fee arrangement. The Court agrees with defendant, however, that plaintiff's counsel has miscalculated both the past-due benefits and the amount of EAJA fees that should be credited to plaintiff.

Plaintiff's counsel contends that plaintiff has received a total of $60,117 in past-due benefits, and that counsel is entitled to 25% of that figure, or $15,029.25. Counsel's method for arriving at the $60,117 figure is unorthodox. In an April 27, 2009 letter, the SSA informed plaintiff that it was changing its previous calculation of the benefits plaintiff was owed. Sammis Decl., ex. B at 4. The new figure was $28,176. *Id.* at 7. Counsel contends that this figure is inaccurate and that the correct figure is $60,117. Counsel relies on the benefit schedule set forth in the April 27 letter. (The SSA stated in the April 27 letter that plaintiff was entitled to $993 per month in December 2003, when his entitlement

United States District Court
For the Northern District of California

to benefits began; that the payments increased to $1,019.80 in December 2004, and so on until December 2008. *Id.* at 5-6.) Counsel has performed his own calculations using the payment schedule in the April 27 letter and contends that the correct figure for payments due plaintiff from December 2003 to December 2008 is $60,117. As is set out in more detail below, this figure is incorrect because counsel is seeking fees for more years of back benefits than he is entitled to.

Analysis of this question requires some discussion of the procedural history of this case. Counsel represented plaintiff in his appeal to this Court, which was filed on August 22, 2006 and which sought benefits for disability beginning June 30, 2003. On January 8, 2007, plaintiff filed a second application for benefits to the SSA. Sammis Decl., ex. A at 2. While plaintiff's appeal was pending in this Court, the SSA issued a decision on plaintiff's second application and determined that plaintiff was entitled to disability benefits beginning on August 16, 2005. *Id.* This Court remanded plaintiff's case – i.e. his first application – on May 10, 2007. On September 5, 2008, pursuant to this Court's remand order, an ALJ held a hearing to determine whether plaintiff was disabled from June 30, 2003 through August 15, 2005. As noted above, on September 30, 2008, the ALJ issued a decision in plaintiff's favor and determined that he was entitled to benefits for the June 30, 2003 - August 15, 2005 period. Sammis Decl., ex. A at 1. In other words, the proceeding that occurred on remand from this Court added approximately two years of benefits by extending plaintiff's entitlement to benefits from August 16, 2005 back to June 30, 2003.

The April 27, 2009 letter from the SSA that counsel used to calculate the benefits owed plaintiff appears to be a letter informing plaintiff of the additional payments he would receive as a result of the September 30, 2008 decision. *See* Sammis Decl., ex. B at 4 ("This letter replaces our previous letter. We have changed the month in which you are first entitled to benefits . . ."). Although the SSA does not explain how it arrived at $28,176 as the amount it owed plaintiff, this figure appears to represent the additional monthly payments to which plaintiff was entitled as a result of the ALJ's September 30, 2008 decision in plaintiff's favor.

There is no evidence in the record that plaintiff's counsel assisted plaintiff with his second

United States District Court
For the Northern District of California

1    application to the SSA.[2]  It appears that plaintiff procured a favorable decision on the issue of his

2    entitlement to benefits beginning in August 2005 without the assistance of Mr. Sammis.  On remand,

3    the benefit that counsel provided to plaintiff was in extending plaintiff's entitlement period by two years,

4    back to 2003.  Counsel is therefore entitled only to 25% of plaintiff's past-due benefits from 2003 to

5    August 2005, not to 25% of the total past-due payments plaintiff has received.  In sum, counsel is

6    entitled to 25% of $28,176, or $7,044.

7         The Court also agrees with defendant that a greater sum of the EAJA fees previously paid to Mr.

8    Sammis should be credited to plaintiff.  Counsel contends that he should pay $3,631.92 back to plaintiff.

9    However, this Court granted plaintiff two attorneys' fee awards.  The first, on September 5, 2007, was

10   for $3,631.92.[3]  The second, on January 31, 2008, was for $323.70.  Since both payments should be

11   credited, the total credit to plaintiff is therefore $3,955.62.

12        In conclusion, the proper sum for counsel's § 406(b) fee is $7,044.  This is a reasonable fee

13   award.  The Court finds that this payment comports with the fee agreement between plaintiff and his

14   counsel.  The Court further finds that plaintiff's counsel assumed a substantial risk of not recovering

15   attorney's fees because plaintiff's claim had been denied after exhausting administrative remedies. The

16   work by plaintiff's counsel was not insubstantial; plaintiff's counsel filed a successful motion for

17   summary judgment, and plaintiff prevailed on remand and obtained more than two years of past-due

18   benefits.  After review of the record, the Court finds that the requested attorney's fees are reasonable

19   and do not constitute a windfall.  *See Gisbrecht*, 535 U.S. at 808.

20

21                                  **CONCLUSION**

22        For the foregoing reasons, the Court hereby GRANTS IN PART plaintiff's motion for attorneys'

23   fees and awards fees pursuant to 42 U.S.C. § 406(b)(1)(A) [Docket Nos. 35, 45] and awards a fee of

24   _____

25        [2]  The only time records counsel has submitted in conjunction with this case are for representing

26   plaintiff before this Court.  *See* Pl. Petition at 9 n.4 (referring Court to declaration filed in conjunction
     with EAJA fee petition).

27

28        [3]  The award was actually for $4,272.84, but the government withheld $640.92 to satisfy
     plaintiff's federal tax debt.  *See* Docket No. 33 at 2.

$7,044.   The Court directs plaintiff's counsel to reimburse plaintiff in the amount of $3,955.62 previously paid under the EAJA.  The net total plaintiff's counsel should receive is $3,088.38.

The Court orders the clerk to file and docket exhibits A and B to Mr. Sammis' April 23, 2009 declaration and orders Mr. Sammis to file a proof of service of this fee order on plaintiff Whitmore no later than August 12, 2008.[4]


**IT IS SO ORDERED.**

Dated: August 5, 2009

SUSAN ILLSTON
United States District Judge

---

[4] This Court's Further Order re: Plaintiff's Petition for Attorneys' Fees pursuant to 42 U.S.C.. § 406(b), dated August 4, 2008, was filed before receiving plaintiff's August 4, 2008 submission of motion papers.  Plaintiff need not file any further documentation related to that order.

United States District Court
For the Northern District of California